UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
PHOENIX ENVIRONMENTAL, LLC,
    Debtor.                                    No. 11-11-15031 SA

PHOENIX ENERGY SERVICES,
    Plaintiff,
v.                                           Adv. No. 11-1199 S

PHOENIX ENVIRONMENTAL, LLC,
a New Mexico limited liability company,
EVERETT A. HODGE, II and
JANA L. HODGE,
    Defendants.

**MEMORANDUM OPINION IN SUPPORT OF**
**ORDER GRANTING MOTION FOR ABSTENTION**

Plaintiff Phoenix Energy Services, LLC's ("Plaintiff's") Motion for Remand or Abstention (doc 10) and the response thereto by debtor in possession Phoenix Environmental, LLC ("Debtor") (doc 11) came before the Court for a duly scheduled preliminary hearing on January 4, 2012. The Court took the matter under advisement, ruling inter alia that it did not need to conduct an evidentiary hearing in order to make a ruling.[1] Doc 14.[2] Having read the papers and considered the arguments of counsel, the

---

[1] See, for example, Hurley v. Kujawa (In re Kujawa), 224 B.R. 104, 107-08 (E.D. Mo. 1998), citing In re Mozzocone, 200 B.R. 568, 575-75 (E.D. Penn. 1996) (extent of evidentiary hearing within discretion of trial court). In this instance, the Court had the benefit of the state court filings and extensive factual presentations by counsel.

[2] The Court notes that in addition to misspelling "Environmental" in the style of this adversary proceeding in the previous order, the Court also misstated the name of the State Court Judge. The name is the Honorable Jane Shuler-Gray, not Jane Shuler Gray. The Court apologizes to Judge Shuler-Gray for that mistake.

Court rules that pursuant to 28 U.S.C. §1334(c)(2), it is required to abstain from adjudicating this adversary proceeding.[3]

**Background**

Plaintiff filed its complaint against Debtor and its owners/managers Everett and Jana Hodge ("Hodges") in the Fifth Judicial District Court, Lea County, New Mexico as case no. CV-2011-705 on July 12, 2011. Plaintiff sought to obtain possession of virtually all of Debtor's property, including rolling stock, equipment, etc. Plaintiff filed a first amended complaint on October 18, 2011, which Debtor answered and to which Debtor filed counterclaims on October 26. Docs 10-2 and 10-3. On November 10, the State Court Judge set a pretrial conference for June 27, 2012 and a trial date of July 9, 2012. State Court Docket (doc 10-1.) Plaintiffs, having filed a motion for replevin with the initial complaint, filed an amended motion for replevin on November 14, doc 10-4, and a writ of replevin was issued the same day.[4] Doc 10-7. Immediately on the same day as well, Debtor filed a motion to dissolve the writ, doc 10-8, and the State Court Judge then promptly conducted a twelve-hour evidentiary

---

[3] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

[4] No court file stamp appears on the copy of the writ of replevin filed in this adversary proceeding, but the state court docket shows the writ has having been issued November 14. Doc 10-1.

hearing on the issue on November 18, 2011. At the end of the hearing that night, Judge Shuler-Gray apparently stated that she would issue a ruling over the weekend or on the following Monday.[5] Less than 48 hours later, on Sunday afternoon, November 20, Debtor filed its chapter 11 petition. Main case doc 1. Debtor then immediately filed its Notice of Removal. Doc 1.

**Analysis**

Although Plaintiff has also argued for equitable remand under 28 U.S.C. §1452(b) and permissive abstention under 28 U.S.C. §1334(c)(1) the Court need only consider mandatory abstention under 28 U.S.C. §1334(c)(2) to decide this matter. That section provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The facts in this adversary proceeding fit neatly into the statute.

---

[5] The parties do not contest the imminence of a ruling, and so the precise details of when the ruling was to be issued is not important. Whether Judge Shuler-Gray had suggested that she would uphold the writ, as Plaintiff asserts and Debtor contests, is also irrelevant for purposes of this decision since the stay has not been modified to permit Plaintiff to take possession of property of the estate pursuant to the writ of replevin or on any other basis.

The Notice of Removal (doc 1), initiating this adversary proceeding, was filed 36 minutes after the chapter 11 petition was filed. The causes of action – breach of contract, breach of lease agreement, injunctive relief, declaratory judgment, conversion, replevin, tortious interference with business relations, unjust enrichment and state-court receivership (First Amended Complaint – doc 10-2) – and the counterclaims – conversion and theft, tortious interference [with business opportunities], breach of contract and/or bad faith, misappropriation/unfair competition, negligent misrepresentation/actual and constructive fraud/duress, unjust enrichment/restitution/promissory estoppel, declaratory judgment, and exemplary damages [sic] (Answer to First Amended Complaint and Counterclaim – doc 10-3) – are all clearly state law causes of action, and while they are related to the chapter 11 case, in that the answer to who is entitled to the equipment will potentially make or break this chapter 11 case, they are not core proceedings because the causes of action do not arise under or in the chapter 11 case. See generally Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764 (10th Cir. BAP 1997). This action could not have been commenced in the United States District Court since there is a lack of diversity: both entities are New Mexico limited liability companies. (First Amended Complaint, ¶¶1 and 3 - doc 10-2, and Answer to First Amended Complaint and Counterclaim, ¶1 – doc 10-3.)  And as the recitation of the facts

above makes clear, the action has been commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.[6] The State Court Judge has already committed significant resources to deciding the merits of these issues,[7] and has allocated additional time to complete that adjudication. Thus the action must be remanded. Oakwood Acceptance Corporation

---

[6] While it is not strictly relevant to a decision on mandatory abstention, Delphi Automotive Systems, LLC v. Seqway, Inc., 519 F.Supp.2nd 662, 669 n.9 (E.D. Mich. 2007) (relevant inquiry is status of state court's docket), it is worth noting that this Court's current caseload is such that there are very few trial days available until June, 2012, and none that clump three or four days together during that time. (It seems apparent, given that the State Court Judge has already in effect conducted a day and a half of an evidentiary hearing and has scheduled more time in July, and based on the pleadings and other papers filed by the parties, that a full evidentiary hearing on the merits of the disputes between the parties will require several days of trial.) Typically the Court conducts an initial pretrial conference in an adversary such as this, at which it sets a discovery period and schedules a final pretrial conference. Only after discovery is closed and during the final pretrial conference does the Court set the trial date. Assuming even a minimum discovery period of ninety days for the complex factual issues raised in the pleadings, it is likely that there would be no trial days left before this Court's appointed term ends in mid August 2012. Transferring the matter at that point to another bankruptcy judge would consume more judicial resources than if the litigation went back to the State Court Judge for resolution.

[7] Although the twelve-hour replevin hearing apparently focused narrowly on the requirements of the replevin statute, the State Court Judge had to have heard a significant amount of evidence about the alleged contract and the issues raised in the pleadings. Thus, although the replevin aspect of the litigation is by itself no longer relevant – as already pointed out, the stay has not been modified to allow Plaintiff to repossess any property in Debtor's possession – the evidence taken by the State Court Judge on November 18 will undoubtedly be useful for making a decision on the merits of the causes of action asserted by the parties.

v. Tsinigini (In re Oakwood Acceptance Corportion), 308 B.R. 81, 86-88 (Bankr. D.N.M. 2004) (even assuming bankruptcy court had core jurisdiction to determine whether mobile home was property of the estate, court may remand; state and tribal law issues clearly predominated, the action had been tried and was on appeal in the tribal courts, and removal at that late date would waste judicial resources).

Debtor argues that this Court has exclusive jurisdiction over the property of the estate, and therefore the Court must retain this adversary proceeding. The factual predicate is correct, the conclusion is not.

Unquestionably the Court has exclusive jurisdiction over property of the estate, wherever located. §1334(e)(1). But that fact alone does not mean that the Court must itself conduct all the proceedings that might bear on the disposition of property of the estate. See, for example, Oakwood Acceptance Corporation, 308 B.R. at 87 (even assuming bankruptcy court had core jurisdiction to determine whether mobile home was property of the estate, court may remand; "whether the mobile home is property of the estate is dependent on the outcome of the appeal in the Navajo Supreme Court".). See also Delphi Automotive Systems, 519 F.Supp.2nd at 668-670 (state law breach of contract action not core; mandatory abstention applied); In re the Roman Catholic Bishop of San Diego, 374 B.R. 756, 763-64 (Bankr. S.D. Cal. 2007) (court exercised jurisdiction to remand punitive damages claims

for jury determination, ruling that claims estimation process is not the only way of determining claims; bankruptcy court reserved for itself the issue of treatment of liquidated claims in the bankruptcy case and "will be making its own determination of what constitutes property of the Debtor's bankruptcy estate.").[8]

Debtor similarly argues that the issue of whether the contested contract is executory and can be rejected must be decided by this Court. It is correct that the assumption or rejection of executory contracts is a core proceeding; it can only exist in the context of a bankruptcy case. Midgard, 204 B.R. at 771; Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990) (core proceedings are those which have no existence outside of bankruptcy). But the decision to allow (and, for that matter, to require) the debtor to assume or reject an executory contract is not the same as deciding whether such a contract even exists. Although both issues can be contested and decided in the same proceeding and in fact often are, they do not need to be. Indeed, the heart of the dispute between the parties has been from the outset the existence vel non of an enforceable contract between the parties. More to the point (and less circularly), it is not sufficient to argue the

---

[8] An illustration of the principle that the bankruptcy court need not conduct all the proceedings to determine a core issue is provided by Brown v. Felsen, 442 U.S. 127, 135-36 (1979) (only bankruptcy courts may make dischargeability adjudications) and Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991) (collateral estoppel principles apply in making those adjudications).

removed action must stay in the bankruptcy court because there might be core matters to be decided.  <u>Delphi Automotive Systems</u>, 519 F.Supp.2nd at 671 ("The state law claims asserted in Plaintiff's complaint predominate over any bankruptcy issue that may arise due to Plaintiff's chapter 11 proceeding."); <u>Schmidt v. Klein Bank (In re Schmidt)</u>, 453 B.R. 346 (8th Cir. BAP 2011) (pending state court causes of action were not core proceedings notwithstanding that it was possible to place them within one or more types of "core" proceedings identified in §157(b)(2)).  In any event, nothing in §1334(c)(2) allows for such an exception.

Debtor also cites <u>Murphy v. John Hoffman Co.</u>, 211 U.S. 562, 570 (1909) for the proposition that if the bankruptcy court has possession of the property in issue, its jurisdiction is exclusive, and the bankruptcy court has ancillary and exclusive jurisdiction to decide all issues concerning the property. Section 1334(e)(1) makes clear that the statement about exclusive jurisdiction continues to be correct, but the accuracy of the second statement is more questionable.  Whatever the validity of <u>Murphy</u> continues to be,[9] Congress has legislated specifically on

---

[9] The continuing validity of that language in <u>Murphy</u> is somewhat questionable; <u>see for example</u> <u>Oakwood Acceptance Corporation</u>, at 88: "Even with a possible question of whether the mobile home is now property of the estate, the predominate issue is whether the Plaintiff properly repossessed the mobile home, a non-bankruptcy law issue."  The court ruled that the determination of the prepetition status of the mobile home by the Navajo Supreme Court would determine the status of the mobile home as property of the estate.  <u>Id.</u> at 87.

the issue of abstention, including mandating abstention in certain circumstances. So to the extent there may be a conflict between Murphy and §1334(c)(2), the abstention provision must take precedence.

**Conclusion**

For the reasons stated, it is clear that this Court must abstain from adjudicating this state court action and it must be remanded to the State Court Judge for further proceedings. An order will enter.

James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: January 31, 2012

COPY TO:

Shay E Meagle
1903 Wyoming Blvd. NE Ste. B
Albuquerque, NM 87112-2860

Kenneth Dugan
PO Box 2168
Carlsbad, NM 88221

Louis Puccini, Jr
Puccini Law, P.A.
PO Box 50700
Albuquerque, NM 87181-0700